IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HAILEY COOK, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs.                No. 4:20-cv-2364 | |
| **EMSI HOLDING COMPANY** | **DEFENDANT** |

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Hailey Cook ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action ("Complaint") against Defendant EMSI Holding Company ("Defendant"), she does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("the WARN Act"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff overtime wages as required by the FLSA, and as a result of Defendant's failure to provide sufficient notice of mass layoffs or plant closure as required by the WARN Act.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the WARN Act.

3. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

4. Defendant has locations throughout Texas, including within the Southern District of Texas, Houston Division

## III. THE PARTIES

5. Plaintiff is an individual and a resident and domiciliary of Texas.

6. Defendant is a foreign for-profit corporation.

7. Defendant's registered agent for service is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. Defendant maintains a website at https://emsinet.com/.

## IV. FACTUAL ALLEGATIONS

9. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

10. At all times relevant hereto, Defendant had the power to hire and fire employees, and supervised and set wages and wage policies for employees.

11. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate

commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

13. Defendant employed more than 100 employees, excluding part-time employees, at the time it closed.

14. During the time period relevant to this lawsuit, Defendant was primarily engaged in providing medical records, exams, and inspection reports for insurance companies, law firms and clinical trials.

15. Plaintiff worked as an hourly-paid employee for Defendant within the three years prior to filing this lawsuit.

16. Defendant directly hired Plaintiff and other employees to work in its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

17. During June and July of 2020, Defendant failed to pay Plaintiff and other employees for all hours worked. In fact, Plaintiff did not receive any wages for the time worked during June and July of 2020, and upon information and believe, Defendant completely failed to pay all other employees during that time as well.

18. Defendant failed to pay Plaintiff and other employees a sufficient minimum wage for hours worked during June and July of 2020.

19. On or around July 3, 2020, Defendant notified Plaintiff and other employees that Defendant's company was closing, effectively immediately.

20. Defendant did not give Plaintiff or similarly situated employees advance notice of the close.

### V.   REPRESENTATIVE ACTION ALLEGATIONS—FLSA

21. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

22. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Payment for all hours worked, including overtime premiums for all hours worked over 40 in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

23. Plaintiff proposes the following class under the FLSA:

**All employees during June and July of 2020.**

24. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

25. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

26. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were not paid minimum wage during June and July of 2020;

B. They were subject to Defendant's common policy of failing to pay for all hours worked.

27. Plaintiff is unable to state the exact number of the collective but believe that the class exceeds one thousand (1000) persons.

28. Defendant can readily identify the members of the collective, who are a certain portion of the former employees of Defendant.

29. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

30. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

### VI. RULE 23 CLASS ACTION ALLEGATIONS—WARN Act

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section

32. Plaintiff brings this claim for relief for violation of the WARN Act as a class action pursuant to Fed. R. Civ. P. 23.

33. While Plaintiff does not know the exact number of potential class members, upon information and belief, Plaintiff estimates that there are at least one thousand (1000) other employees who were affected by and did not receive notice of Defendant's closure.

34. Common questions of law or fact common to the class of affected employees are:

A. Whether Defendant is an employer under the WARN Act;

B. Whether the members of the class received timely notice of Defendant's closure; and

C. What each class member's damages will be.

35. Plaintiff's claims are typical of the class of employees affected by the closure in that they arose from the same employer, the same instance of Defendant's sudden and untimely closure, and are based on the same legal theories.

36. As a former employee who was affected by the July 3 closure, Plaintiff is an adequate class representative because Plaintiff did not receive notice of the closure and therefore have an interest in seeking recovery for the same types of damages that members of the class would seek.

37. Plaintiff knows of no conflict of interest with the class of employees who were affected by the closure.

38. Plaintiff has hired the Sanford Law Firm, PLLC, to pursue her claim for backpay under the WARN Act. The Sanford Law Firm, PLLC, focuses its

practice on plaintiff's employment law. It has represented numerous other plaintiffs in wage-related class actions within the past five years.

## VII.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all times relevant to this Complaint, Defendant has acted as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations

44. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

45. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff for all hours worked, including an overtime

rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

46. Defendant's failure to pay Plaintiff all wages owed was willful.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the WARN Act)

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the WARN Act, 29 U.S.C. § 2101, *et seq.*

50. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

51. 29 U.S.C. § 2102 prohibits employers from ordering a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order to each affected employee or the employee's representative.

52. 29 U.S.C. § 2104 states that any employer who orders a plan closing or mass layoff in violation of § 2102 shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for backpay for each day of violation.

53. Defendant failed to notify Plaintiff of its closing sixty days before such closure.

54. Defendant notified Plaintiff of its closing on the day Defendant closed.

55. By reason of the unlawful acts alleged herein, Defendant is liable to each Plaintiff for backpay for each day of violation at a rate of compensation not less than either her average regular rate during the last three years of each Plaintiff's employment, or Plaintiff's final regular rate, whichever is higher. 29 U.S.C. § 2104(a)(1)(A). Defendant is also liable to Plaintiff for a reasonable attorney's fee. 29 U.S.C. § 2104(a)(6).

### IX.     THIRD CAUSE OF ACTION
(Collective Action Claim for Violation of FLSA)

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

57. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59. Defendant failed to pay Plaintiff and similarly situated employees sufficient minimum wage for all hours worked.

60. In the past three years, Defendant has employed more than one thousand (1000) hourly-paid employees.

61. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## X.  FOURTH CAUSE OF ACTION
### (Class Action Claim for Violation of the WARN Act)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. Plaintiff asserts this claim for damages and declaratory relief on behalf of all members of the putative class pursuant to the WARN Act, 29 U.S.C. § 2101, *et seq.*

66. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiff and the putative class within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

67. 29 U.S.C. § 2102 prohibits employers from ordering a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order to each affected employee or the employees representative.

68. 29 U.S.C. § 2104 states that any employer who orders a plan closing or mass layoff in violation of § 2102 shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for backpay for each day of violation.

69. Defendant failed to notify Plaintiff and the putative class of its closing sixty days before such closure.

70. Defendant notified Plaintiff and the putative class of its closing on the day Defendant closed.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and each member of the putative class for backpay for each day of violation at a rate of compensation not less than either their average regular rate during the last three years of each putative class member's employment, or their final regular rate, whichever is higher. 29 U.S.C. § 2104(a)(1)(A). Defendant is also liable to Plaintiffs and the putative class for a reasonable attorney's fee. 29 U.S.C. § 2104(a)(6).

## XI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Hailey Cook, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A.     Summon Defendant to appear and answer herein;

B.     Enter declaratory judgment that the practices complained of herein are unlawful under Federal law;

C.     Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff, the collective and the class is entitled;

D.     Award Plaintiff and the collective compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

E.     Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff and the collective during the applicable statutory period;

F.     Award Plaintiff and the class a judgment for compensatory damages in an amount equal to the unpaid back wages at the applicable rate pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*;

G.     For certification of and notice to the collective and class to be determined by motions practice;

H. An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

I. All such other and further relief to which this Court may find Plaintiff entitled.

Respectfully submitted,

**HAILEY COOK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com