IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HAILEY COOK, CHERYL BOWEN-HAY, WINSTON BOWEN-HAY, ALICE COALE, RODNEY HAWKINS, SUNG KIM, CATRINA GARRETT, RAIVEN HAWTHORNE, PATRICIA JOHNSON, PAUL JONES, LISA SALTER, MARY WALKER, SHASTA LEMONS, ARMITA UNDERWOOD, REGURIAN BAGLEY, MICHELLE CAMPBELL, BARRY L. CLARY, WENDY COBB, and KAREN WHITE, Each Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFFS** |
| vs. | No. 4:20-cv-2364 |
| **EMSI HOLDING COMPANY, EXAMINATION MANAGEMENT SERVICES, INC., and JAMES CALVER** | **DEFENDANT** |

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—
## CLASS AND COLLECTIVE ACTION

COME NOW Plaintiffs Hailey Cook, Cheryl Bowen-Hay, Winston Bowen-Hay, Alice Coale, Rodney Hawkins, Sung Kim, Catrina Garrett, Raiven Hawthorne, Patricia Johnson, Paul Jones, Lisa Salter and Mary Walker ("Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint—Class and Collective Action ("Complaint") against Defendants EMSI Holding Company, Examination Management Services, Inc., and James Calver (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

Page 1 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action

## I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("the WARN Act"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiffs overtime wages as required by the FLSA, and as a result of Defendant's failure to provide sufficient notice of mass layoffs or plant closure as required by the WARN Act.

2. The purpose of this First Amended and Substituted Complaint is to add Cheryl Bowen-Hay, Winston Bowen-Hay, Alice Coale, Rodney Hawkins, Sung Kim, Catrina Garrett, Raiven Hawthorne, Patricia Johnson, Paul Jones, Lisa Salter and Mary Walker as Plaintiffs; to amend the facts supporting Plaintiffs' FLSA claim; to add Examination Management Services, Inc., and James Calver as defendants; and to make non-substantive edits which may clarify Plaintiffs' claims.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the WARN Act.

Page 2 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Defendant has locations throughout Texas, including within the Southern District of Texas, Houston Division.

### III. THE PARTIES

6. Plaintiff Hailey Cook is an individual and a resident and domiciliary of Texas.

7. Plaintiff Cheryl Bowen-Hay is an individual and a resident and domiciliary of Florida.

8. Plaintiff Winston Bowen-Hay is an individual and a resident and domiciliary of Florida.

9. Plaintiff Alice Coale is an individual and a resident and domiciliary of Pennsylvania.

10. Plaintiff Rodney Hawkins is an individual and a resident and domiciliary of Texas.

11. Plaintiff Sung Kim is an individual and a resident and domiciliary of Texas.

12. Plaintiff Catrina Garrett is an individual and a resident and domiciliary of Texas.

13. Plaintiff Raiven Hawthorne is an individual and a resident and domiciliary of Texas.

Page 3 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action

14. Plaintiff Patricia Johnson is an individual and a resident and domiciliary of Illinois.

15. Plaintiff Paul Jones is an individual and a resident and domiciliary of Texas.

16. Plaintiff Sung Kim is an individual and a resident and domiciliary of Texas.

17. Plaintiff Lisa Salter is an individual and a resident and domiciliary of Texas.

18. Plaintiff Mary Walker is an individual and a resident and domiciliary of Iowa.

19. Plaintiff Shasta Lemons is an individual and a resident and domiciliary of Texas.

20. Plaintiff Armita Underwood is an individual and a resident and domiciliary of Texas.

21. Plaintiff Regurian Bagley is an individual and a resident and domiciliary of Texas.

22. Plaintiff Michelle Campbell is an individual and a resident and domiciliary of Texas.

23. Plaintiff Barry L. Clary is an individual and a resident and domiciliary of Delaware.

24. Plaintiff Wendy Cobb is an individual and a resident and domiciliary of Missouri.

**Page 4 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

25. Plaintiff Karen White is an individual and a resident and domiciliary of Arkansas.

26. Separate Defendant EMSI Holding Company ("EMSI Holding") is a foreign for-profit corporation.

27. EMSI Holding's registered agent for service is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

28. Separate Defendant Examination Management Services, Inc. ("EMSI") is a foreign, for-profit corporation.

29. EMSI's registered agent for service is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

30. Separate Defendant James Calver is an individual and, upon information and belief, is a resident of Texas.

31. Defendant maintains a website at https://emsinet.com/.

## IV. FACTUAL ALLEGATIONS

32. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Calver is an owner, principal, officer and/or director of EMSI Holding and EMSI.

34. Calver manages and controls the day-to-day operations of EMSI Holding and EMSI, including but not limited to the decision to not pay Plaintiffs a sufficient premium for hours worked in excess of forty (40) per week and the decision to close EMSI Holding and EMSI without notifying their employees beforehand.

**Page 5 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

35. At all times relevant hereto, Defendant had the power to hire and fire employees, and supervised and set wages and wage policies for employees.

36. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

37. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

38. Defendant employed more than 100 employees, excluding part-time employees, at the time it closed.

39. During the time period relevant to this lawsuit, Defendant was primarily engaged in providing medical records, exams, and inspection reports for insurance companies, law firms and clinical trials.

40. Plaintiffs worked as hourly-paid employees or as piece-rate paid employees for Defendant within the three years prior to filing this lawsuit.

41. Defendant directly hired Plaintiffs and other employees to work in its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

42. During June and July of 2020, Defendant failed to pay Plaintiffs and other employees for all hours worked. Defendant unlawfully deducted money

Page 6 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action

from Plaintiffs' and other employees' paychecks, or did not pay them a paycheck at all.

43. At the time of filing the Original Complaint, Plaintiffs had not received payment for all hours worked during June and July of 2020, nor a sufficient overtime premium for any hours worked over forty each week during June and July of 2020.

44. On or around July 3, 2020, Defendant notified Plaintiffs and other employees that Defendant's company was closing, effectively immediately.

45. Defendant did not give Plaintiffs or similarly situated employees advance notice of the close.

## V. REPRESENTATIVE ACTION ALLEGATIONS—FLSA

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including overtime premiums for all hours worked over 40 in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

48. Plaintiffs propose the following class under the FLSA:

**Page 7 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

**All employees during June and July of 2020.**

49. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

50. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were not paid minimum wage during part of June and July of 2020;

B. They were not paid a sufficient overtime premium for hours worked over forty each week during June and July of 2020;

C. They were subject to Defendant's common policy of failing to pay for all hours worked.

52. Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds one thousand (1000) persons.

53. Defendant can readily identify the members of the collective, who are a certain portion of the former employees of Defendant.

54. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

55. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

**Page 8 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action**

## VI. RULE 23 CLASS ACTION ALLEGATIONS—WARN Act

56. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section

57. Plaintiffs bring this claim for relief for violation of the WARN Act as a class action pursuant to Fed. R. Civ. P. 23.

58. While Plaintiffs do not know the exact number of potential class members, upon information and belief, Plaintiffs estimate that there are at least one thousand (1000) other employees who were affected by and did not receive notice of Defendant's closure.

59. Common questions of law or fact common to the class of affected employees are:

   A. Whether Defendant is an employer under the WARN Act;

   B. Whether the members of the class received timely notice of Defendant's closure; and

   C. What each class member's damages will be.

60. Plaintiffs' claims are typical of the class of employees affected by the closure in that they arose from the same employer, the same instance of Defendant's sudden and untimely closure, and are based on the same legal theories.

61. As former employees who were affected by the July 3 closure, Plaintiffs are adequate class representatives because Plaintiffs did not receive notice of the closure and therefore have an interest in seeking recovery for the same types of damages that members of the class would seek.

Page 9 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action

62. Plaintiffs know of no conflict of interest with the class of employees who were affected by the closure.

63. Plaintiffs have hired the Sanford Law Firm, PLLC, to pursue their claim for backpay under the WARN Act. The Sanford Law Firm, PLLC, focuses its practice on plaintiff's employment law. It has represented numerous other plaintiffs in wage-related class actions within the past five years.

## VII. FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

64. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

67. At all times relevant to this Complaint, Defendant has acted as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations

**Page 10 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

69. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

70. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs for all hours worked, including an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

71. Defendant's failure to pay Plaintiffs all wages owed was willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. SECOND CAUSE OF ACTION
**(Individual Claims for Violation of the WARN Act)**

73. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

74. Plaintiffs assert this claim for damages and declaratory relief pursuant to the WARN Act, 29 U.S.C. § 2101, *et seq.*

75. At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

76. 29 U.S.C. § 2102 prohibits employers from ordering a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order to each affected employee or the employee's representative.

**Page 11 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

77. 29 U.S.C. § 2104 states that any employer who orders a plan closing or mass layoff in violation of § 2102 shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for backpay for each day of violation.

78. Defendant failed to notify Plaintiffs of its closing sixty days before such closure.

79. Defendant notified Plaintiffs of its closing on the day Defendant closed.

80. By reason of the unlawful acts alleged herein, Defendant is liable to each Plaintiffs for backpay for each day of violation at a rate of compensation not less than either her average regular rate during the last three years of each Plaintiffs' employment, or Plaintiffs' final regular rate, whichever is higher. 29 U.S.C. § 2104(a)(1)(A). Defendant is also liable to Plaintiffs for a reasonable attorney's fee. 29 U.S.C. § 2104(a)(6).

## IX. THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

81. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

82. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

83. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked

**Page 12 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

84. Defendant failed to pay Plaintiffs and similarly situated employees sufficient minimum wage for all hours worked.

85. In the past three years, Defendant has employed more than one thousand (1000) hourly-paid employees.

86. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

87. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

88. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    FOURTH CAUSE OF ACTION
**(Class Action Claim for Violation of the WARN Act)**

89. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

**Page 13 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

90. Plaintiffs assert this claim for damages and declaratory relief on behalf of all members of the putative class pursuant to the WARN Act, 29 U.S.C. § 2101, *et seq.*

91. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiffs and the putative class within the meaning of the WARN Act, 29 U.S.C. § 2101(a)(1).

92. 29 U.S.C. § 2102 prohibits employers from ordering a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order to each affected employee or the employees representative.

93. 29 U.S.C. § 2104 states that any employer who orders a plan closing or mass layoff in violation of § 2102 shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for backpay for each day of violation.

94. Defendant failed to notify Plaintiffs and the putative class of its closing sixty days before such closure.

95. Defendant notified Plaintiffs and the putative class of its closing on the day Defendant closed.

96. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and each member of the putative class for backpay for each day of violation at a rate of compensation not less than either their average regular rate during the last three years of each putative class member's employment, or their final regular rate, whichever is higher. 29 U.S.C. § 2104(a)(1)(A). Defendant is

**Page 14 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

also liable to Plaintiffs and the putative class for a reasonable attorney's fee. 29 U.S.C. § 2104(a)(6).

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Hailey Cook, Cheryl Bowen-Hay, Winston Bowen-Hay, Alice Coale, Rodney Hawkins, Sung Kim, Catrina Garrett, Raiven Hawthorne, Patricia Johnson, Paul Jones, Lisa Salter and Mary Walker, each individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A. Summon each Defendant to appear and answer herein;

B. Enter declaratory judgment that the practices complained of herein are unlawful under Federal law;

C. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs, the collective and the class is entitled;

D. Award Plaintiffs and the collective compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

E. Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiffs and the collective during the applicable statutory period;

F. Award Plaintiffs and the class a judgment for compensatory damages in an amount equal to the unpaid back wages at the applicable rate

Page 15 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action

pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.;*

G.     For certification of and notice to the collective and class to be determined by motions practice;

H.     An award to Plaintiffs of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

I.     All such other and further relief to which this Court may find Plaintiffs entitled.

**Page 16 of 17**
**Hailey Cook, et al, v. EMSI Holding Company, et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364**
**First Amended and Substituted Complaint—Class and Collective Action**

Respectfully submitted,

**HAILEY COOK, CHERYL BOWEN-HAY, WINSTON BOWEN-HAY, ALICE COALE, RODNEY HAWKINS, SUNG KIM, CATRINA GARRETT, RAIVEN HAWTHORNE, PATRICIA JOHNSON, PAUL JONES, LISA SALTER, MARY WALKER, SHASTA LEMONS, ARMITA UNDERWOOD, REGURIAN BAGLEY, MICHELLE CAMPBELL, BARRY L. CLARY, WENDY COBB and KAREN WHITE**, Each Individually and on Behalf of All Others Similarly Situated, **PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

**Page 17 of 17
Hailey Cook, et al, v. EMSI Holding Company, et al.
U.S.D.C. (S.D. Tex.) Case No. 4:20-cv-2364
First Amended and Substituted Complaint—Class and Collective Action**